**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOYCE EVISON-BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14 C 2927 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| CITY OF HARVEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joyce Evison-Brown, individually and as administrator of Charles A. Brown IV's Estate, brings this lawsuit against defendants Officer Jose Gomez and Officer Anthony Steele, alleging a claim of excessive force. Plaintiff also brings several claims against the City of Harvey, including conspiracy to delay medical treatment, *respondeat superior*, indemnification, and claims under the Illinois wrongful death act and the Illinois survival statute. (Dkt. 233.) Before the Court is defendants' motion for summary judgment[1] [195]. For the reasons set forth below, defendants' motion is granted in part and denied in part.

## FACTS

This suit arises from the shooting death of Charles A. Brown IV ("Brown IV"). On April 13, 2014, Officer Jose Gomez and Officer Anthony Steele (the "defendant officers") responded to an armed robbery in progress at a Motel 6 in Harvey, Illinois. The defendant officers arrived on the scene around the same time but in separate vehicles.

As the defendant officers walked toward the entrance of the Motel 6, Brown IV was walking out. He walked by the officers and proceeded to his vehicle in the parking lot. When the defendant officers reached the entrance of the Motel 6, the front desk clerk pointed her finger toward Brown IV.

The defendant officers commanded Brown IV to stop, but Brown IV continued to walk away, and, at some point, began running toward his vehicle in the parking lot. The defendant

---

[1] After the parties briefed the motion for summary judgment, plaintiff sought leave to file a third amended complaint, which the Court granted. Although the Court gave the parties an opportunity to re-brief the motion for summary judgment or to supplement it, the parties agreed to proceed with the fully briefed motion for summary judgment. Accordingly, the Court will consider plaintiff's third amended complaint as the operative complaint for the purposes of summary judgment.

officers continued to yell at Brown IV, commanding him to stop. Rather than comply with their orders, Brown IV got into his vehicle and started the ignition. The defendant officers drew their guns and commanded Brown IV to exit the vehicle. Officer Steele positioned himself in front of Brown IV's vehicle. Officer Gomez attempted, unsuccessfully, to break the passenger side window with the butt of his gun. He then positioned himself toward the front of the vehicle on the passenger side. At some point, the defendant officers fired multiple shots at Brown IV's vehicle, three of which fatally struck Brown IV. Brown IV was still conscious when he was removed from the vehicle.

While these facts are undisputed, the parties dispute several key facts. Namely, the parties dispute whether Brown IV's vehicle was moving or, if it was moving, the direction it was moving when the defendant officers shot at it. The parties also dispute the nature of the medical attention Brown IV received after the shooting, and whether Brown IV was in possession of a weapon.

## STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *See Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda v. KFC Nat'l Mgmt. Co.*, 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013). It is well settled that at the summary judgment stage, the court does not make credibility determinations, weigh evidence, or decide which inferences to draw from the facts; those are jury functions. *See Gibbs v. Lomas*, 755 F.3d 529, 536 (7th Cir. 2014).

## ANALYSIS

### Count I – Excessive Force

Plaintiff brings a § 1983 excessive force claim against Officers Gomez and Steele, alleging that the defendant officers violated Brown IV's right to be free from unreasonable seizures under the Fourth Amendment.

"A police officer's use of deadly force constitutes a seizure within the meaning of the Fourth Amendment, and therefore it must be reasonable." *Scott v. Edinburg*, 346 F.3d 752, 756 (7th Cir. 2003). "[A] person has a right not to be seized through the use of deadly force unless he puts another person (including a police officer) in imminent danger or he is actively resisting arrest and the circumstances warrant that degree of force." *Weinmann v. McClone*, 787 F.3d 444, 448 (7th Cir. 2015). In assessing whether an officer used excessive force, courts will consider the totality of the circumstances and "analyze the actions of the officer from the objective perspective of a

reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Weinmann*, 787 F.3d at 444 (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 775 (2014)). Courts also consider "the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. However, "[e]ven though an officer may in one moment confront circumstances in which he could constitutionally use deadly force, that does not necessarily mean he may still constitutionally use deadly force the next moment." *Horton v. Pobjecky*, 883 F.3d 941, 950 (7th Cir. 2018).

Officers Gomez and Steele move for summary judgment on this claim, arguing that the force they used when effectuating the arrest of Brown IV was not excessive. They say that Officer Gomez discharged his weapon at Brown IV in self-defense to avoid being run over and that Officer Steele discharged his weapon to protect Officer Gomez from getting seriously injured or killed by Brown IV's vehicle.

Plaintiff disputes this version of events and argues that a material dispute exists as to whether Brown IV was trying to hit Officer Gomez with his vehicle or whether Brown IV's vehicle was even moving. Plaintiff points to discrepancies in the Officer Gomez and Steele's deposition testimony. Plaintiff also points to the deposition testimony of witness Nancy Daniels. According to Daniels, Brown IV pulled out of the parking spot, drove forward about three or four parking spaces, and stopped. Daniels stated that the defendant officers pointed their guns at the windshield and that Brown IV just sat there staring for 20-30 seconds more or less. Daniels said that Brown IV did not provoke the defendant officers before they fired several shots at the vehicle.

Here, a genuine issue of material fact exists as to whether Brown IV posed an imminent threat to the defendant officers at the time of the shooting. Accepting plaintiff's version of events as true, as the Court does at this stage, the totality of the circumstances does not support the use of force by the defendant officers. Under plaintiff's version, it was not reasonable for the defendant officers to shoot at Brown IV's vehicle when the vehicle was not accelerating at the defendant officers. A reasonable jury could conclude that Brown IV did not pose an immediate danger to the defendant officers when they shot him, that the shooting was unreasonable, and that the defendant officers violated Brown IV's constitutional right to remain free of excessive force.

Defendants next argue that, even if excessive force were used, they are entitled to qualified immunity. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). However, where a factual dispute exists, as it does here, the Court is precluded from granting summary judgment on qualified immunity. *See Weinman*, 787 F.3d at 451 (7th Cir. 2015) (affirming ruling that defendant was not entitled to summary judgment, because "[t]he existence of a factual dispute about the circumstances . . . precludes a ruling on qualified immunity at this point."). If a trier of fact accepts plaintiff's version of events and evidence as true, then the defendant officers would not be entitled to qualified immunity. Accordingly, the defendant officers' motion for summary judgment on Count I is denied.

**Count II – Conspiracy to Delay Medical Treatment**

Plaintiff next brings a state-law conspiracy claim against the City of Harvey, alleging that its agents, including Officer Black, Sergeant Rizzi, and Sergeant Nevers, made an agreement and conspired to intentionally delay ambulance paramedics from providing timely medical treatment to Brown IV.

To prevail on a state law conspiracy claim, plaintiff must demonstrate "(1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnson*, 209 Ill. 2d 302, 317 (Ill. 2004).

Defendants move for summary judgment, arguing that the record is devoid of any evidence which would show that Officers Steel and Gomez[2] had any agreement to commit a tortious unlawful act against Brown IV. Plaintiff responds that Officer Black, Sergeant Rizzi, and Sergeant Nevers engaged in a course of conduct to delay the paramedics from providing timely treatment to Brown IV. Plaintiff says that there are genuine issues of material fact regarding the events that took place after Brown IV was shot and that a reasonable jury would see this as evidence of a conspiracy.

There are several deficiencies with both parties' underdeveloped arguments. Regardless, when reviewing the record, the Court finds no evidence to suggest that Officer Black, Sergeant Rizzi and/or Sergeant Nevers made any agreement to delay medical treatment for Brown IV. The Court has examined the evidence and finds it insufficient to support a claim of civil conspiracy under state law. Accordingly, the Court grants defendants' summary judgment motion on this conspiracy claim.

**Counts III and IV – Illinois Wrongful Death Act and the Illinois Survival Statute**

Plaintiff alleges that the City of Harvey, through its agents, including Officers Gomez and Steele, are liable under the Illinois Wrongful Death Act and under the Illinois Survival Statute because the defendant officers used excessive force on Brown IV and conspired to deprive him of immediate medical attention.

"The Illinois Wrongful Death Act provides a mechanism for suit to be brought by the personal representative of a decedent whose death was 'caused by wrongful act, neglect, or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof.' " *Wilson v. City of Chicago*, 758 F. 3d 875 (7th Cir. 2014); *see also* 740 ILCS 180/1 *et seq*.; *Williams v. Manchester*, 228 888 N.E.2d 1, 10 (2008) ("An injury resulting from the wrongful act, neglect, or default of another gives the victim, if she survives the injury, a right of action; if the victim dies, the [Wrongful Death] Act transfers the right of action to the victim's personal representative."). The Illinois

---

[2] Defendants do not raise any argument regarding the City of Harvey, Officer Black, Sergeant Rizzi, and/or Sergeant Nevers.

Survival Act permits an action to survive the death of the injured person. *Carter v. SSC Odin Operating Co., LLC*, 976 N.E.2d 344, 354 (Ill. App. Ct. 2012); *see also* 755 ILCS 5/27-6. Put another way, "a wrongful death action covers the time after death and addresses the injury suffered by the next of kin due to the loss of the deceased rather than the injuries personally suffered by the deceased prior to death" whereas "[a] survival action allows for recovery of damages for injury sustained by the deceased up to the time of death." *Id.* (citation omitted). The Court has already determined that plaintiff may proceed on her excessive force claim, and she may therefore proceed with these claims. *See Thomas ex rel. Smith v. Cook Cty. Sheriff*, 401 F. Supp. 2d 867 (N.D. Ill. 2005) (administrator of estate allowed to bring wrongful death and survival claims under Section 1983). Accordingly, defendants' motion for summary judgment as to these claims is denied.

**Count V – *Respondeat Superior***

Plaintiff says that Officers Steele, Gomez and Black as well as Sergeants Rizzi and Nevers were acting within the scope of their employment when Brown IV was fatally shot. Plaintiff argues that, because these individuals used excessive force that resulted in Brown IV's death and conspired to violated Brown IV's constitutional rights while acting within the scope of their employment, the City of Harvey should be held liable under *respondeat superior*.

Defendants respond that there is no legal basis for recovery under a theory of *respondeat superior* because a municipality is not liable for its employees' § 1983 violations unless the violations were caused by an official policy or custom of the municipality. *See Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658 (1978). Defendants also say that the City of Harvey will not be liable if the defendant officers are not liable.

Defendants are correct that plaintiff does not have a *Monell* claim and that there is no *respondeat superior* liability for § 1983 claims. But plaintiff may proceed with her remaining state law claims under a *respondeat superior* theory.

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment is granted in part and denied in part.

Date: 11/20/2018

_____
Jorge L. Alonso
United States District Judge